UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCEL JEROME ROBINSON,

    Petitioner,

    v.

GREGORY SKIPPER,

    Respondent.
_____/

Case No. 19-cv-12561

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [#7] AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Petitioner Marcel Jerome Robinson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Robinson is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. Laws § 750.520g, unlawful imprisonment, Mich. Comp. Laws § 750.349b, and assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84.

Presently before the Court is Respondent Skipper's Motion to Dismiss, which argues that the habeas petition should be dismissed because it is untimely. ECF No. 7. Petitioner filed a Response on January 9, 2020. ECF No. 9. For the reasons

discussed herein, the Court finds the petition for a writ of habeas corpus is untimely and will **GRANT** Respondent's Motion [#7]. The Court also declines to issue a certificate of appealability.

## II. PROCEDURAL BACKGROUND

Following a jury trial in Genesee County Circuit Court, Petitioner Robinson was convicted of one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, one count of assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. Laws § 750.520g, one count of unlawful imprisonment, Mich. Comp. Laws § 750.349b, and one count of assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84. *See* ECF No. 8-13, PageID.820. On October 19, 2015, he was sentenced to 23 to 40 years for first-degree criminal sexual conduct, 5 to 10 years for assault with intent to commit sexual penetration, 10 to 15 years for unlawful imprisonment, and 5 to 10 years for assault with intent to commit great bodily harm less than murder. *See* ECF No. 8-14, PageID.834.

Petitioner filed an appeal of right in the Michigan Court of Appeals challenging his convictions and sentences. The Michigan Court of Appeals affirmed. *People v. Robinson*, No. 330304, 2017 WL 1337484, at 1 (Mich. Ct. App. April 11, 2017). The Michigan Supreme Court subsequently denied Robinson's application for leave to appeal. *People v. Robinson*, 501 Mich. 927 (Nov. 29, 2017).

Petitioner filed a petition for writ of habeas corpus in this Court on August 20, 2018. The Court ordered Petitioner to correct two filing deficiencies: the failure to submit service copies and the failure to pay the filing fee or to file an application for leave to proceed in forma pauperis. *See Robinson v. Jackson*, No. 18-12677 at ECF Nos. 4, 5. On October 23, 2018, the Court dismissed the petition without prejudice because Robinson failed to file two copies of his petition. *Id.* at ECF No. 9.

On August 27, 2019, Robinson filed the pending habeas corpus petition. ECF No. 1. On December 9, 2019, Respondent Skipper filed a Motion to Dismiss on the grounds that the petition was not filed within the applicable one-year statute of limitations. ECF No. 7. Robinson filed a Response on January 9, 2020, arguing that he corrected the copy deficiency in the earlier case by giving the service copies to a prison employee for mailing before the deadline for correcting the deficiency expired. ECF No. 9. He also argues that the Order dismissing his petition without prejudice failed to advise him that he needed to refile his petition within a certain period of time. *Id.*

### III. DISCUSSION

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (A) the date on which the state-court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal

habeas relief; (C) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (D) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1).

Here, Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the petition was not timely filed. Robinson appealed his convictions first to the Michigan Court of Appeals and then to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on November 29, 2017. Robinson had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on February 27, 2018, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the

United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, Petitioner's limitations period commenced on February 28, 2018.

Robinson did not file his first habeas petition, however, until August 20, 2018. That petition was dismissed without prejudice on October 24, 2018. *See Robinson v. Jackson*, No. 18-12677, ECF No. 9. The one-year limitations period is not statutorily tolled during the pendency of a federal habeas petition, *Duncan v. Walker*, 533 U.S. 167, 180 (2001), but it may be equitably tolled, *see id.* at 182-83 (Stevens, J., concurring); *Thomas v. Romanowski*, 362 F. App'x 452, 454 (6th Cir. 2010). The Court assumes, without deciding, that the limitations period was equitably tolled while Robinson's habeas petition was pending—that is, from August 20, 2018 through October 24, 2018. The limitations period, with 192 days remaining, resumed running on October 25, 2018. It continued to run until it expired on May 5, 2019. Robinson's habeas petition, filed on August 20, 2019, was therefore filed over three months after the limitations period expired.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). In the habeas context, to be entitled to equitable

tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

In response to the motion to dismiss, Robinson argues that he corrected the copy deficiency in his original habeas petition by giving a prison official two copies of the petition on September 20, 2018. *See* ECF No. 9, PageID.1828. Petitioner is not entitled to equitable tolling on this basis because he did not show diligence in pursuing his rights. His first petition was dismissed on October 24, 2018. Robinson waited approximately ten months to file the pending petition. His only explanation for the delay is that in the original dismissal Order he was not advised that a one-year limitations period applies to habeas corpus petitions. *Id.* However, Petitioner's ignorance of the law is insufficient to warrant equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). "District judges have no obligation to act as counsel or paralegal to pro se litigants" and are not required to caution litigants about AEDPA's statute of limitations. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Additionally, Petitioner does not present a credible claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (holding that a valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."). He presents no evidence to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Therefore, equitable tolling is not warranted here, and the petition is untimely.

## IV. CONCLUSION

For the reasons discussed above, Respondent's motion for dismissal is **GRANTED**. The petition is **DISMISSED**.

Further, because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable, a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(1)(a), (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 14, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager